**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**BRIAN DIXON and CYNTHIA DIXON**
**Plaintiffs,**

: C.A.
:
**VS.** : CA 07 161 ML
:
**ARGENT MORTGAGE** :
**COMPANY, LLC** :
**Defendant** :

---

# COMPLAINT

## INTRODUCTION

1. This action seeks redress against Argent Mortgage Company, LLC for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226 .

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 (general jurisdiction),1332 (diversity jurisdiction) and 1337 (interstate commerce).

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendant does business in this District. Defendant is therefore deemed to reside in this District under 28 U.S.C. § 1391( c).

## PLAINTIFFS

4. Plaintiffs Brian and Cynthia Dixon reside at 141 Pinecrest Drive, Pawtucket, RI 02861.

5. On or about June 25, 2004 Plaintiffs Dixon obtained a loan from Argent, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

6. In connection with the transaction, Plaintiffs Dixon received or signed the following documents:

1. A note in the principal amount of $205,000;
2. A mortgage;
3. A Truth in Lending statement;
4. A notices of right to cancel, attached as Exhibits 1-3; and
5. A HUD-1 Settlement Statement.

7. On or about October 18, 2006 Plaintiffs Dixon exercised their extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Argent. A Copy of the notice is attached as Exhibit 4.

**DEFENDANT**

8. Defendant Argent is a National corporation with its principle place of business at One City Boulevard West, Orange, CA 92868.

9. Argent enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

10. Argent is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

11. Argent is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

## COUNT I - TRUTH IN LENDING ACT

12. Plaintiffs incorporate ¶¶ 1-11 as if fully set out herein.

13. Because the refinance transaction referenced herein was secured by Plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23. Section 226.23 provides:

> (a) <u>Consumer's right to rescind.</u>
>
> > (1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47
> >
> > (2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.
> >
> > (3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]
> >
> > (4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.
>
> (b) <u>Notice of right to rescind.</u> In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to

rescind. The notice shall be on a separate document that identifies the transaction and shall **clearly and conspicuously** disclose the following:

(1) The retention or acquisition of a security interest in the consumer's principal dwelling.
(2) The consumer's right to rescind the transaction.
(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
(4) The effects of rescission, as described in paragraph (d) of this section.
**(5) The date the rescission period expires. . . .**

(f) Exempt transactions. The right to rescind does not apply to the following:

(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].
(2) A credit plan in which a state agency is a creditor. (Emphasis added)

**DEFECTIVE NATURE OF DISCLOSURES**

14. In connection with the Plaintiffs' loans, Argent failed to provide proper disclosures of the plaintiffs' right to cancel, in violation of 15 U.S.C. §1635 and Regulation Z, 12 C.F.R. §226.23 for (without limitation) the following reasons:

**Materially Defective Notices of Right to Cancel**

15. The Defendant Argent provided Plaintiffs Dixon a total of six (6) rescission notices in which four (4) were undated and incomplete, one (1) was illegible and , one (1) was a combined H8/H9 notice. See Exhibits 1-3

16. Plaintiffs Dixon received multiple rescission notices that were inherently confusing and materially defective therefore, in violation of 15 U.S.C. §1635 and Regulation Z, 12 C.F.R. §226.23. Accordingly, Plaintiffs are entitled to exercise their extended right to rescind their loan under the TILA.

17. Defendant failed to provide "two copies" of a document that "clearly and conspicuously disclose" Plaintiffs' rescission rights, in violation of 15 U.S.C. §1635 and Regulation Z, 12 C.F.R. §226.23.

18. 15 U.S.C. § 1635(g) provides that a court may award damages under section 1640 in addition to rescission.

19. The failure of the Defendant to honor/respond to the notice of rescission is a separate violation of 15 U.S.C. § 1640 (a) entitling the Plaintiffs to an award of statutory damages.

**WHEREFORE**, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant Argent as follows:

1. A declaration that Plaintiffs are entitled to rescind;
2. Rescission of the loan;
3. Statutory damages;
4. Attorney's fees, litigation expenses and costs.
5. Such other relief as the Court deems appropriate.

Respectfully submitted,

Christopher M. Lefebvre Bar # 4019
Claude Lefebvre, Christopher Lefebvre P.C.
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
Lefeblaw@aol.com

**JURY DEMAND**

Plaintiffs demand trial by jury

Christopher M. Lefebvre